**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF RHODE ISLAND**

DANIEL MAYER

  *v.*             C.A.No.: 25-cv-

TOWN OF SMITHFIELD, by and through
CAITLYN CHOINIERE, in her Official Capacity
as Finance Director of the Town of Smithfield; and
DAWN BARTZ, in her official capacity as
the Superintendent of Smithfield Schools

**VERIFIED COMPLAINT**

Introduction

1.  Defendant Superintendent Dawn Bartz ("Superintendent Bartz" or "Defendant Bartz") uses the @SmithfieldSuper X account for official purposes—including to share information with constituents and solicit their views about government policy—but she has blocked and restricted access by constituents because they have inquired about and/or criticized her or her policies. This practice is unconstitutional.

2.  The Plaintiff was blocked from interacting with the @SmithfieldSuper X account page after questioning and/or criticizing Superintendent Bartz and her policies. Superintendent Bartz's blocking/banning of the Plaintiff from the account based on viewpoint violates the Plaintiff's right to speak in a public forum as well as their right to petition the government for redress of grievances.

3.  The Plaintiff has also been blocked from viewing or interacting with the school district's official X account, @SmithfieldSchls, which requires formal approval before any individual can obtain access to the account. This blocking/banning of the Plaintiff from the account violates the

1

Plaintiff's right to speak in a public forum as well as their right to petition the government for redress of grievances.

4.    The Defendants have restricted access to the @SmithfieldSuper and @SmithfieldSchls accounts to those approved and have denied plaintiff approval for access to the accounts.

5.    Plaintiffs respectfully requests this Honorable Court declare the Defendants' blocking of the Plaintiff and requirement of approval violate the First Amendment of the United States Constitution and order Defendants to unblock/unban Plaintiff from interacting with the @SmithfieldSuper X and @SmithfieldSchls accounts, order Defendant to unblock/unban all other individuals who were blocked from the account based on their viewpoints, eliminate their requirement of approval to obtain access to the accounts, and order other relief as requested below.

### Jurisdiction and Venue

6.    This action arises under 42 U.S.C. § 1983 for violations of civil rights under the First and Fourteenth Amendments to the United States Constitution.

7.    The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

8.    Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

9.    Venue is proper in this Court under 28 U.S.C. § 1391 (b)(1) and (b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred in this District.

### Parties

10.    Plaintiff Daniel Mayer resides in Greenville, Rhode Island in the town of Smithfield and operates an account on the social media platform X.

11. Defendant Superintendent Bartz is sued in her official capacity. Defendant Bartz operates the @SmithfieldSuper X account and has blocked the Plaintiff from viewing or interacting with this account.

12. Defendant Bartz, as Superintendent of the Smithfield School District, along with the Town of Smithfield, operate the School Department of the Town of Smithfield and its social media accounts.

13. Defendant Town of Smithfield is sued by and through its Finance Director, Caitlyn Choiniere.

14. Each Defendant is a "person" who has acted or failed to act under color of state law within the meaning of 42 U.S.C. §1983.

15. Defendants are referred to collectively as "the Defendants" or "the Smithfield School Department."

Facts

### A. X (formerly Twitter)

16. X is a social media platform with millions of active users worldwide. The platform allows users to publish messages, publish media, share what other users publish, and interact with published messages and other users. Speech published on X covers a wide range and variety of topics, but particularly relevant here is that a significant amount of speech posted on the platform is speech by, to, or about the government.

17. An X "user" is an individual who has created an account on the platform. A user can publish text, media, links, or any combination of the three through the user's "profile."

3

18. An X user's profile is the single account associated with the user. This profile contains a user's posts. The profile also may contain information about the user.

19. An X user's account allows the user to post written content, documents, videos and links to other content including other X users' posts.

20. Other X users can provide comment and feedback to an X user's post.

21. X allows users to ban or block other users and allows a user to require approval to access their posts and content.

22. When commenting in response to a post, an X user's comment will appear nested below the original post it is in response to. All comments will be nested under the post to which they are replying, creating a comment thread. However, users can tag others by their profile name in their comment and this will act as a reply without creating a nested comment thread. Both replying and commenting while tagging a user will send them a notification.

23. Posts, comments, reactions, and shares are controlled by the user who generates them. No other X user can alter the content of any post, comment, or reaction, either before or after it is posted. X users cannot prescreen posts, comments, reactions, or shares that reference their posts or accounts.

24. An X user can block another user which restricts them from writing or commenting on their posts, or tagging them in comments or posts. It also can restrict the visibility of content from one user to another.

25. The owner of an X Account can restrict access to approved followers, thereby restricting access to the account to solely those individuals and accounts that have received prior approval from the controller of the account.

4

***B.        @SmithfieldSchls X Account***

26.     On the Smithfield Public Schools homepage, https://www.smithfield-ps.org/, at the bottom of the page, there is an icon/link for access to the Smithfield Public Schools' X Account:



27.     When the X icon is clicked, the action  opens the Smithfield Public Schools' X Account:



28.     The Smithfield Public Schools X Account, @SmithfieldSchls, is a protected account that requires prior approval for access.

29.     The X account @SmithfieldSchls was, prior to the alleged improper actions of the Defendants, accessible to the public at large without requiring any advance approval, but  is currently published and limited in access solely to approved followers. The Smithfield School

5

District has not issued any rule or statement purporting to limit (by form or subject matter) the speech of those who interact with this account. Users who cannot interact with the @SmithfieldSchls X account are those who have been banned or not approved as followers.

30.     The Smithfield School Department uses the @SmithfieldSchls X account to announce, describe, and defend official policies and the school department's operations; to comment on local issues; to share content produced for the Town of Smithfield; and to communicate with constituents, including responding to their comments. Because of the way the Smithfield School Department uses this account, the posts are an important source of news and information about the School Department's work. Further, the interactions associated with the posts are important forums for speech by, to, and about the Smithfield School Department and Superintendent Bartz.

31.     The Smithfield School Department's restriction of its X account to access for only those they approve prevents or impedes the public's, and specifically any person not approved by school officials, ability to speak and to petition the government for redress of grievances.

32.     The restrictive act of requiring approval to access a public forum such as the @SmithfieldSchls X account unduly burdens access to the public forum.

### C.     @SmithfieldSuper X account

33.     The X account @SmithfieldSuper has been utilized and managed by the Defendant Bartz. She has served as the Superintendent of the Smithfield Schools at all times pertinent to this complaint and the interactions plaintiff has had with the @SmithfieldSuper X account.

34.     The @SmithfieldSuper X account indicates, in multiple ways, that it is Superintendent Bartz's official X account. The account is titled "Superintendent Dawn Bartz."

6

35.    The Smithfield School Department operates the Smithfield Public Schools homepage, https://www.smithfield-ps.org/, which links through a "Departments" dropdown menu to a page titled: "Superintendent":



36.    When you click on "Superintendent," it brings you to a landing page with a message from Superintendent Bartz:



37.    The Smithfield Public Schools Superintendent page invites Smithfield families to follow the School Department and the Superintendent on Facebook and Twitter [X] @SmithfieldSchls @SmithfieldSuper in order to obtain information about the school district's activities.

38.    The Smithfield Public Schools Superintendent page makes clear that the @SmithfieldSchls @SmithfieldSuper X accounts are official accounts of the school district and are used by the superintendent and school district for official school related, not personal, purposes.

39.    The @SmithfieldSuper X account page is:



40.    The Smithfield Public Schools Superintendent X Account, @SmithfieldSuper, is a protected account that requires prior approval for access.

41.    The X account @SmithfieldSuper was, prior to the alleged improper actions of the Defendants, accessible to the public at large without requiring any prior approval, but is currently published and limited in access solely to approved followers. Defendants have not issued any rule or statement purporting to limit (by form or subject matter) the speech of those who interact with this account. Users who cannot interact with the @SmithfieldSuper X account are those who have been banned or those who have not been approved as followers.

42.    Superintendent Bartz uses the @SmithfieldSuper X account to announce, describe, and defend her official policies and her office's operations; to comment on local issues; to share content produced for the town's schools; and to communicate with her constituents including responding to their comments. Because of the way she uses this account, Superintendent Bartz's posts are an important source of news and information about her work. Further, the interactions associated with the posts are important forums for speech by, to, and about Superintendent Bartz and the operations of the Smithfield School Department.

43.    Superintendent Bartz has posted numerous times from the @SmithfieldSuper X account about matters relating to her official duties.

44.    Superintendent Bartz's restricting her X account to access for only those she approves prevents or impedes the public's, and specifically any person not approved by Superintendent Bartz, ability to obtain access to public information and to speak and petition the government for redress of grievances.

45.    The restrictive act of requiring approval to access a public forum such as the @SmithfieldSuper X account unduly burdens  access to the public forum.

### C.    Defendant's Unconstitutional Blocking of Critics from the @SmithfieldSuper X account

46.    Before he was banned, Plaintiff regularly viewed and interacted with the @SmithfieldSuper X account to stay informed about issues that Superintendent Bartz addressed.

9

47.    Superintendent Bartz blocked him from the @SmithfieldSuper X account on or about August, 2024:





48.    In the weeks leading up to this action, on multiple occasions Plaintiff had advocated for Superintendent Bartz to resign from her position.

49.    Superintendent Dawn Bartz's banning of Plaintiff from the @SmithfieldSuper X Account prevents or impedes him from commenting on, replying to, or interacting with any posts or comments on this page.

50.    At some point thereafter, the Defendants revised their accounts to require advance approval before any person could gain access to them.

51.    Once the @SmithfieldSuper and @SmithfieldSchls accounts were restricted to approved accounts, Plaintiff requested approval. After more than four months, the requests are still pending and Plaintiff has not received any reply.

52.    Superintendent Bartz's restricting her X account to access for only those she approves prevents or impedes Plaintiff's, and any person not approved by Bartz, ability to obtain access to public information and to speak and petition the government for redress of grievances.

### *Causes of Action*

### Count I

*Violation of the First and Fourteenth Amendments of the U.S. Constitution*
*(42 U.S.C. § 1983)  Superintendent's X Account*

53.    Plaintiff restates all previous paragraphs by reference as if stated fully herein.

54.    Superintendent Bartz acted, at all times relative to this complaint, and continues to act, under color of state law while maintaining the @SmithfieldSuper X account as described above.

55.    Superintendent Bartz's posts and interactions report on official actions; provide information about the Smithfield School Department's functions and actions; and inform the public of her own official activities.

56.    Superintendent Bartz, in addition to using the @SmithfieldSuper X account as a tool of governance, does so pursuant to the authority given to her by the school district and in her capacity as school district superintendent.

57.    Superintendent Bartz's invocation of her position as the school district's superintendent and the placement of the account on the school district website make clear that this is not an account for  personal use.

58.    The @SmithfieldSuper X account is directly identified as an official account by the Smithfield School Department.

59.    Superintendent Bartz's actions, in first banning the Plaintiff  from this account and then failing to approve his access to the account, are attributable to the Defendants, as the intention in

11

taking the action is to suppress speech critical of her conduct of official duties or fitness for the position.

60.    Superintendent Bartz' X Account, and specifically the interactive component of the @SmithfieldSuper X account, including the space where users could reply to her and engage with other members of the public who might have been responding to her, constitutes a designated public forum.

61.    Superintendent  Bartz uses the @SmithfieldSuper X account to interact with and communicate information to the public, including students and their families.

62.    Just as public officials may not preclude persons from participating in the public-comment portion of a town hall meeting based on their viewpoints or arbitrarily deny members of the public access to the meeting, Superintendent Bartz cannot ban users from the @SmithfieldSuper X account page because she dislikes their opinions or require formal approval in order to allow them access.

63.    Superintendent Bartz engaged in, and continues to engage in, unconstitutional behavior as a public employee acting under color of state law.

64.    Defendant's banning of the Plaintiff from her X Account violates the First and Fourteenth Amendments because it imposes a viewpoint-based restriction on the Plaintiff's access to, and participation in, a public forum.

65.    Defendant's restriction on access to her X Account, allowing only those she grants access, violates the First and Fourteenth Amendments because it imposes a viewpoint-based restriction on the Plaintiff's access to, and participation in, a public forum.

66.    Defendant's banning of the Plaintiff from her X Account violates the First and Fourteenth Amendments because it imposes a viewpoint-based restriction on the Plaintiff's ability to speak and to petition the government for redress of grievances.

67.    Defendant's restriction on access to her X Account, allowing only those she grants access, violates the First and Fourteenth Amendments because it imposes a restriction on the Plaintiff's ability to speak and to petition the government for redress of grievances on the basis of his identity or viewpoint.

68.    Plaintiff does not have an adequate remedy at law and equitable relief is necessary to fully remedy the defendant's violations of the Plaintiff's constitutional rights.

### Count II

*Violation of the First and Fourteenth Amendments of the U.S. Constitution
(42 U.S.C. § 1983)  Smithfield Schools X Account*

69.    Plaintiff restates all previous paragraphs by reference as if stated fully herein.

70.    The Defendants acted at all times relative to this complaint, and continue to act, under color of state law while maintaining the @SmithfieldSchls X account as described above.

71.    The posts on the @SmithfieldSchls X account and interactions report on official actions; provide information about the Smithfield School Department's functions and actions; and inform the public of official activities.

72.    The @SmithfieldSchls X account, and specifically the interactive component of the @SmithfieldSchls X account, including the space where users could post replies and engage with other members of the public who might have been responding to the information provided, constitutes a designated public forum.

73.     The Smithfield School Department uses the @SmithfieldSchls X account to interact with and communicate information to the public, including residents and constituents.

74.     Defendants engaged in, and continue to engage in, unconstitutional behavior as a public official when they excluded plaintiff and any other individual access to the @SmithfieldSchls X Account.

75.     Defendants' restriction on access to the @Smithfieldschls X Account, allowing only those granted access, violates the First and Fourteenth Amendments because it imposes a viewpoint-based restriction on the Plaintiff's participation in a public forum.

76.     Defendants' restriction on access to the @Smithfieldschls X Account, allowing only those granted access, violates the First and Fourteenth Amendments because it limits access to a public forum based on the unlimited discretion of the public body.

77.     Defendants' restriction on access to the @Smithfieldschls X Account, allowing only those granted access, violates the First and Fourteenth Amendments because it limits access to a public forum based on the identity or viewpoint of the individual seeking access.

78.     Defendants' restriction on access to the @Smithfieldschls X Account, allowing only those granted access, violates the First and Fourteenth Amendments because it denies the Plaintiff's ability to speak and to petition the government for redress of grievances on the basis of his identity or viewpoint.

79.     Plaintiff does not have an adequate remedy at law and equitable relief is necessary to fully remedy the defendant's violations of the Plaintiff's constitutional rights.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Declare Defendants' banning of the Plaintiff and other individuals from Superintendent

Bartz's X Account, @SmithfieldSuper, to be unconstitutional;

2.      Enter an injunction requiring Defendants to unban Plaintiff from Superintendent Bartz's X Account, @SmithfieldSuper, and prohibiting Defendants from banning the Plaintiff or other individuals from the account on the basis of viewpoint;

3.      Declare Defendants' restriction on access to the @SmithfieldSuper X Account solely to approved followers to be unconstitutional;

4.      Enter an injunction requiring Defendants to remove any access restrictions on the @SmithfieldSuper X Account, including but not limited to allowing only approved followers access to the X Account;

5.      Declare Defendants' restriction on access to the @SmithfieldSchls X Account solely to approved followers to be unconstitutional;

6.      Enter an injunction requiring Defendants to remove any access restrictions on the @SmithfieldSchls X Account, including but not limited to allowing only approved followers access to the X Account;

7.      An award of nominal damages;

8.      Award Plaintiff his costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988; and

9.      Grant any additional relief as may be just and proper.

Respectfully submitted,
DANIEL MAYER
By and through his attorney,

*/s/ David S. Cass*
David S. Cass, #5044
*Cooperating Attorney,*
*American Civil Liberties Union Foundation of*
*Rhode Island*
50 South Main St., Suite 204
Providence, RI 02903
(508) 889-2674
david@davidcasslaw.com

Of Counsel:

Lynette Labinger, #1645
*Cooperating Attorney,*
*American Civil Liberties Union Foundation*
*of Rhode Island*
128 Dorrance Street, Box 710
Providence, RI 02903
401-465-9565
LL@labingerlaw.com

## Verification

I, Daniel Mayer, declare as follows:

I.      I am a Plaintiff in the present case, a citizen of the United States of America, and a

resident of the State of Rhode Island.

2.      I have personal knowledge of myself, my activities, and my intentions, including those

set out in the foregoing *Verified Complaint;* and specifically, the facts set out in paragraphs 26-

52.

16

4.      I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself, my activities, and my intentions are true and correct.

Executed on ___6·5·25___.

_D_ 0 Muye_

Daniel Mayer